

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| CARL JOHNSON,<br>          Plaintiff,<br><br>vs.<br><br>ORION 180 INSURANCE SERVICES, LLC,<br>and JOHN DOE,<br>          Defendants. | §<br>§<br>§<br>§<br>§   Civil Action No.: 1:21-02677-MGL<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

**I.     INTRODUCTION**

Plaintiff Carl Johnson (Johnson), a South Carolina resident, filed this lawsuit against Defendants Orion 180 Insurance Services, LLC (Orion 180), a Florida company, and John Doe in the Aiken County Court of Common Pleas. In the complaint, Johnson alleges bad-faith and negligence-based claims against Orion 180 for its denial of a fire-related insurance claim that occurred on his property, as well as a negligence claim against John Doe for his alleged act of arson on the property in question. Orion 180 subsequently removed the case to this Court, claiming it has jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Johnson's motion to remand. Having carefully considered Johnson's motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Johnson's motion will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

According to Johnson, John Doe burned down a property he owned that was insured by Orion 180. Johnson submitted an insurance claim to Orion 180, but it was denied. Orion 180 avers it denied coverage for numerous reasons, including its belief Johnson improperly identified the property as residential as opposed to commercial when completing his insurance renewal, as well as the alleged arsonist-related acts of John Doe constituted an excluded act of purposeful vandalism.

As is relevant here, Johnson filed a motion to remand, Orion 180 responded, and Johnson replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.     STANDARD OF REVIEW**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a).

"Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.*

2

### IV.     DISCUSSION AND ANALYSIS

As an initial matter, Johnson and Orion 180 are diverse parties, and the amount in controversy is greater than $75,000.

Nevertheless, Johnson makes several arguments in support of his contention this matter must be remanded. First, Johnson contends 28 U.S.C. § 1332(c)(1) applies to this action and defeats diversity jurisdiction. As per Section 1332(c)(1):

> [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen[.]

Specifically, Johnson avers Section 1332(c)(1) is applicable because his lawsuit against Orion 180 is a direct action against an insurance company, and under such a scenario, Orion 180 must be viewed, for diversity of citizenship purposes, as a South Carolina entity.

Orion 180 posits it "is not subject to [Section] 1332(c)(1) because it is not an insurance company and it did not issue an insurance policy to [Johnson]." Resp. in Opp'n at 2. In particular, Orion 180 maintains it "is a managing general [insurance] agent[,]" and Trisura Specialty Insurance Company issued the relevant policy to Johnson. *Id*.

"Section 1332(c)(1) creates a special rule for insurers in 'direct actions'—that is, cases in which a person with a claim against the insured sues the insurer directly." *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998). "In direct actions[,] insurers have not only their normal citizenship(s), but also the citizenship(s) of the insured." *Id*.

3

As is relevant here, a "direct action in [Section] 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct." *Elliot v. Am. States Ins. Co.*, 883 F.3d 384, 395 (4th Cir. 2018).

Here, assuming Orion 180 is an insurance company and applying the Fourth Circuit's holding in *Elliot*, there exists no basis for Johnson to pursue a direct action against Orion 180 under Section 1332(c)(1) for alleged "tortious conduct[,]" *id*.  Furthermore, if Orion 180 is not an insurance company, as contemplated by Johnson in his reply, then Johnson's Section 1332(c)(1) argument is moot because that Section deals with only insurers.  Consequently, as to this argument, inasmuch as the parties are diverse, the amount in controversy exceeds $75,000, and Section 1332(c)(1) is inapplicable, complete diversity exists between Johnson and Orion 180.

Turning to Johnson's second argument, he posits the naming of John Doe as a defendant destroys diversity.  Orion 180 argues, to the contrary, "[b]ecause John Doe is an unknown individual[,] and [Johnson] has failed to provide affirmative evidence or a factual basis upon which to establish that John Doe is a South Carolina resident, John Doe must be ignored for purposes of establishing diversity." Resp. in Opp'n at 6.  In reply, Johnson maintains "Orion 180 must verify the identity of the alleged arsonist or he must be presumed to be a South Carolina resident since all actions and activities took place in South Carolina." Reply at 2.

"In determining whether a civil action is removable on the basis of the jurisdiction under [S]ection 1332(a) . . . , the citizenship of defendants sued under fictious names shall be disregarded." 28 U.S.C. § 1441(b)(1).  Consequently, Johnson's argument is meritless and contrary to the plain language of Section 1441(b)(1).

Johnson also asks the Court, in the event it denies his motion to remand, to grant judgment on the pleadings on his bad faith claim against Orion 180 and "proceed to a damages only trial [on

4

that claim.]" Reply at 4–5. As noted by Orion 180, Johnson's "purported motion for judgment on the pleadings is procedurally improper because [he] failed to file a motion seeking such relief." Resp. in Opp'n at 6. Local Civil Rule 7.01 (D.S.C.) provides "[a]ll motions shall be filed with the [C]ourt." Thus, because Johnson made this request based on the Court's potential denial of his motion to remand, it was procedurally improper and will be dismissed without prejudice with leave to refile.

Lastly, Johnson, in his motion, asks, for attorney fees for having to file a motion to remand due to Orion 180's allegedly improper removal to this Court. Inasmuch as Orion 180's removal was proper, the Court denies Johnson's request for an award of attorney fees.

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Johnson's motion to remand the complaint is **DENIED**. Furthermore, Johnson's request for judgment on the pleadings is **DISMISSED WITHOUT PREJUDICE** with leave to refile, and his request for attorney fees is **DENIED**.

**IT IS SO ORDERED.**

Signed this 18th day of November 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE