

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| CARL JOHNSON,<br>　　　　Plaintiff,<br><br>vs.<br><br>ORION 180 INSURANCE SERVICES, INC.,<br>TRISURA SPECIALTY INSURANCE<br>COMPANY, and JOHN DOE,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§　Civil Action No. 1:21-2677-MGL<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DISMISSING WITHOUT PREUDICE ORION'S MOTION FOR SUMMARY
JUDGMENT, DEEMING AS MOOT JOHNSON'S MOTION TO STAY, DENYING
ORION'S MOTION TO DISMISS, AND DENYING JOHNSON'S REQUEST FOR
ATTORNEY FEES**

**I.     INTRODUCTION**

Plaintiff Carl Johnson (Johnson) brings this action against Orion 180 Insurance Services, Inc. (Orion), Trisura Specialty Insurance Company (Trisura), and John Doe. In his amended complaint, Johnson alleges causes of action for bad faith in handling/adjusting a claim for insurance benefits, negligent misrepresentation, negligence and gross negligence against Trisura and Orion. He also asserts causes of action for bad faith in denying insurance claim and breach of contract against Trisura only. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Pending before the Court is Orion's motion to dismiss Johnson's claims against it under Federal Rule of Civil Procedure 12(b)(6). It also moves alternatively for summary judgment under Federal Rule of Civil Procedure 56 in the event the Court considers its attached evidence. Johnson

moves to stay any motion for summary judgment and requests attorney fees for its response to Orion's motions.

Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Orion's motion for summary judgment will be dismissed without prejudice, Johnson's motion to stay will be deemed as moot, and Orion's motion to dismiss as well as Johnson's request for attorney fees will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

This case arises out of Johnson's claim for insurance coverage on a building in Aiken, South Carolina (the Property), which was destroyed by a fire in 2020.

As relevant here, Johnsons alleges in the amended complaint that, in 2019, he renewed his already-in-effect-insurance policy (the Policy) with Trisura, an insurance company, through Orion's website.  He claims Orion is an entity providing insurance services, served as Trisura's general agent, and was Johnson's main contact when entering into and renewing his insurance policy.  Because Johnson paid the insurance policy premium in full, the Policy was in affect when the fire occurred. After Johnson made a claim, Orion informed him that his request for coverage of the losses caused by damage of the fire was denied.

Johnson initiated this action in the Aiken County Court of Common Pleas.  His original complaint asserted claims against Orion only.  Orion removed the matter to this Court and Johnson filed an amended complaint to add Trisura as a party.  Although the amended complaint adds causes of action, it asserts no new claims against Orion—in fact, it removes two of the initial claims.

Orion filed this motion to dismiss the claims against it in the amended complaint, which contained the alternative motion for summary judgment.  Johnson responded.  His response

included the motion to stay and the request for attorney fees.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.    LEGAL STANDARD

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  But, the Court need not "accept as true the legal conclusions set forth in a plaintiff's complaint."  *Edwards*, 178 F.3d at 243.

### IV.    DISCUSSION AND ANALYSIS

#### A.    *Whether Rule 12 precludes Orion's motion to dismiss*

Johnson contends Orion has waived the opportunity to file a 12(b)(6) motion to dismiss because it answered the original complaint, and the amended complaint asserts no new claims against Orion.  Orion fails to respond to this argument.

Rule 12(b) requires that a motion asserting a failure to state a claim "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  The rule also provides,

3

however, that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion [for judgment on the pleadings] under Rule 12(c)[.]" Fed. R. Civ. P. 12(h)(2). A Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss made under Rule 12(b)(6). *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009). Thus, even if mislabeled as a 12(b)(6) motion, the Court may consider Orion's contention that Johnson fails to state a claim.

### B.     *Whether the Court should consider Orion's attachments to its motion*

Orion attaches exhibits to its motion for the Court to consider if it "wishes to . . . convert this into a motion for summary judgment." Motion at 4 n. 1. Johnson insists a motion for summary judgment is premature at this early stage of litigation, but attaches several exhibits to his response in the event the Court chooses to consider the additional evidence. The Court first determines whether it may consider any of the exhibits without converting the 12(b)(6) motion into a motion for summary judgment.

In general, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Nevertheless, the Fourth Circuit has held courts may consider documents attached to a 12(b)(6) motion without turning it into a motion for summary judgment "so long as they are integral to the complaint and authentic[,]" *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007), because in those circumstances plaintiffs have actual notice of the documents.

Attached to Orion's motion, it provided the insurance contract and Orion's contract with Trisura. Johnson challenges the authenticity of these exhibits, avouching that they "have not been verified under oath as being authentic, [as having been] signed by anyone in authority, or [as] applicable to this matter" and complaining that he has not had "the opportunity to explore the

4

contents, veracity, and admissibility of the documents presented." Response at 6. Thus, because there is a dispute as to the documents' authenticity, the Court is unable to consider them without converting the motion to one for summary judgment.

And, the Court declines, at this early stage of litigation, to consider Orion's exhibits and convert Orion's motion to a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (explaining that Federal Rule of Civil Procedure 56(f) requires a court to "refuse[]" summary judgment "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition"). Because it refuses to consider Orion's exhibits, the Court also declines to consider the documents Johnson attaches to his response. In any event, such consideration would not affect the outcome of this motion.

The Court will therefore dismiss without prejudice Orion's alternative motion for summary judgment and deem as moot Johnson's motion to stay.

### C.    *Whether the Court should dismiss the claims against Orion*

Orion insists the court should dismiss the claims against it because, as an independent adjuster or adjusting company, it owes Johnson no duty. Johnson maintains Orion performed the duties of an in-house adjuster, which is an exception to the general rule barring its claims.

South Carolina law bars negligence-based and bad faith claims against independent adjusters or adjusting companies, because they have no duty of care to the insured. *See Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 588–89 (S.C. 2003) (reasoning negligence and bad faith claims against independent adjusters or adjusting companies must fail inasmuch as the "duty of good faith arising under the contract does not extend to a person who is not a party to the insurance contract"). But, the limited holding in *Charleston Dry Cleaners* failed to explicitly extend beyond independent adjusters and adjusting companies.

Thus, it appears South Carolina law allows bad faith and negligence-based claims against parties acting as in-house adjusters—employees of the insurance company. Orion admits as much as to the negligence-based claims, but insists Johnson's amended complaint fails to state a claim that Orion acted as an in-house adjuster.

Orion admits that "Johnson does not explicitly describe Orion 180 as an independent adjuster, independent adjusting company, or insurance broker." Motion at 6. Instead, Johnson describes Orion as the "managing general agent of Trisura." Complaint ¶ 3. Considering this allegation, and making all reasonable inferences in Johnson's favor, the Court determines Johnson has included sufficient facts Orion acted in a role other than an independent adjuster, such as an in-house adjuster, to state a claim that Orion owed a duty of care.

The Court thus declines to dismiss Johnson's claims against Orion. The Court, however, also declines to award Johnson attorney fees, because Orion's legal arguments were objectively reasonable.

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Orion's motion for summary judgment is **DISMISSED WITHOUT PREJUDICE,** Johnson's motion to stay is **DEEMED AS MOOT**, and Orion's motion to dismiss and Johnson's request for attorney fees are both **DENIED**.

 **IT IS SO ORDERED.**

Signed this 14th day of July 2022, in Columbia, South Carolina.

                                                      s/ Mary Geiger Lewis
                                                      MARY GEIGER LEWIS
                                                      UNITED STATES DISTRICT JUDGE